**Opinion filed July 2, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00051-CR
_____

**MICHAEL WAYNE PETERSON, II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 15629**

**M E M O R A N D U M   O P I N I O N**

Appellant, Michael Wayne Peterson, II, pled guilty to the offense of possession of child pornography, a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26(a), (d) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to ten years' imprisonment in the Correctional Institutions Division of the Texas

Department of Criminal Justice, but suspended the imposition of this sentence, and placed Appellant on community supervision for ten years.

The record shows that the conditions of Appellant's community supervision were modified on five occasions. Despite this, the State moved to revoke Appellant's community supervision, alleging in its third amended motion that Appellant had committed twenty violations of the terms and conditions of his community supervision. On February 24, 2025, the trial court held a hearing on the State's amended motion, during which Appellant pled "not true" to each allegation. Upon the conclusion of the hearing, the trial court found thirteen of the allegations in the State's amended motion to be "true," revoked Appellant's community supervision, and imposed the originally assessed ten-year term of imprisonment.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel states that he professionally and conscientiously examined the record and the applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a pro se document that we construe to be his response to counsel's *Anders* brief. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so,

2

issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court for appointment of new appellate counsel who will be instructed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, the brief, and Appellant's pro se response, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's rulings. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, although Appellant pled "not true" to the allegations in the State's amended motion, the evidence presented at the hearing is sufficient to support each finding of "true" made by the trial court. *See Rickels*, 202 S.W.3d at 764. Nevertheless, proof of only a single violation of the terms and conditions of a probationer's community

3

supervision is sufficient to support the trial court's revocation order. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d 826–27 & n.6

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

July 2, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

4